IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DARRELL D. CALICO                                                                                      PLAINTIFF

V.                                      NO. 13-5015

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Darrell D. Calico, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for DIB on June 23, 2010, and filed his application for SSI on August 26, 2010, alleging an inability to work since June 1, 2009, due to back injury, injury to legs, headaches, and high blood pressure. (Tr. 106-107, 113-116, 130, 133). An administrative hearing was held on November 2, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 26-49).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated January 12, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - chronic low back pain and hypertension. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). (Tr. 13). With the help of the vocational expert (VE), the ALJ determined that Plaintiff would be able to perform his past relevant work as a chicken farm laborer, and alternatively, he would be able to perform other jobs, such as hand bander, poultry cleaner, and small product assembler. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 12, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.

3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national

AO72A
(Rev. 8/82)

economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.  Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ erred by using "specious reasons" to discredit the Plaintiff; and 2) The ALJ erred with he posed a faulty hypothetical to the VE. (Doc. 11).

    **A.  Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent

they were inconsistent with his RFC assessment. (Tr. 17). The ALJ considered Plaintiff's daily activities, noting that he lived with a sixteen year old son and his disabled mother. (Tr. 14). The ALJ considered all of the medical records, noting x-rays of the cervical spine revealed no fracture of acute bony abnormality. (Tr. 14). The records consistently indicated, for the most part, that Plaintiff had full range of motion of his joints. (Tr. 15). The ALJ also addressed the times that Plaintiff requested early refills on some of his medications, for various reasons, including the time he alleged his son stole some morphine. (Tr. 16). The ALJ also discussed the fact that Plaintiff was frequently non-compliant with his medications, in that he often failed to take it as prescribed because he was out of the medication, or that he took more than prescribed because he was in greater pain. (Tr. 15-17). The ALJ found this suggested the possibility of drug-seeking behavior. (Tr. 17).

Plaintiff was also instructed and encouraged to quit smoking on a number of occasions by his treating physicians, and although he did cut down on his smoking, he nevertheless continued to smoke. (Tr. 15).

The ALJ addressed Plaintiff's high blood pressure, noting that upon admission to Northwest Medical Center on August 25, 2011, Plaintiff's blood pressure was noted to be 189/117. However, Plaintiff admitted he had been out of his Atenolol for five days. (Tr. 16).

It is also noteworthy that on March 25, 2008, Plaintiff's treating physician, Dr. William Kendrick, reported that Plaintiff had not taken his medication for two days, and that Plaintiff's pain was adequately controlled on the medication. (Tr. 438). On June 5, 2008, Dr. Kendrick advised Plaintiff to get back on his pain medication. (Tr. 400). Dr. Kendrick also instructed Plaintiff to quit smoking at this visit. (Tr. 400). On November 12, 2008, Plaintiff advised Dr.

Kendrick that his pills were stolen from his home while he was out on the truck. (Tr. 395). Dr. Kendrick advised Plaintiff to protect his medications, and that even if they were stolen, he would not replace them in the future. (Tr. 395).

On January 11, 2009, when Plaintiff presented himself to the hospital complaining of a headache, Plaintiff reported that he was out of his blood pressure medicines but could not remember the name of the medicine. He also reported that he was out of his Paxil, and that when he ran out of Paxil he had problems with dizziness, similar to his condition at that time. (Tr. 290-291). On March 13, 2009, Plaintiff was reported as having decreased range of motion throughout. (Tr. 390). However, on March 31, 2009, when Plaintiff again presented to the hospital, it was reported he had full range of motion in all joints. (Tr. 335).

On March 24, 2010, Dr. Kendrick reported that Plaintiff was not taking his pain medication as instructed because he had to increase it due to increased back pain. (Tr. 383). Dr. Kendrick also noted that Plaintiff's pain was adequately controlled on the medication. (Tr. 383).

The fact that on June 29, 2010, Dr. Kendrick reported that Plaintiff "continues to be totally disabled due to back pain" was not persuasive to the ALJ, as he found the record did not support or substantiate this statement. (Tr. 17). The ALJ correctly noted that in fact, Dr. Kendrick's own records did not support this statement. (Tr. 17). In addition, as indicated by the ALJ, statements that a claimant is "disabled," "unable to work," cannot perform a past job or the like, are not medical opinions, and the ALJ stated that while he accepted Dr. Kendrick's diagnosis of Plaintiff, he did not give much weight to that specific statement. (Tr. 18).

The ALJ gave consideration to credibility, motivation, and the medical evidence, and was persuaded that Plaintiff exaggerated "at least some of his symptoms, including disabling pain."

(Tr. 16).

Based upon the foregoing, and after considering the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**B.      Hypothetical Question to the VE:**

In his hypothetical question to the VE, the ALJ asked:

Q: Assume the claimant to be a 37 year old male with eighth grade education, the ability to read, write, and use numbers. Assume this individual has the physical ability to occasionally lift 20 pounds, frequently lift 10 pounds, to stand and or walk about six hours of an eight hour work day, to sit about six hours of an eight hour work day. That push pull activities would be unlimited, there would be no postural limitations, and no other limitations. Assuming all the foregoing, could this individual return to any of his past work?
A: He could return to the chicken farm as performed.
Q: Would there be other unskilled work such an individual could perform?
A: Yes your honor. One example would be a hand bander.... A second example would be a poultry cleaner. ... A third example would be a small product assembler.

(Tr. 45).

The Court believes the hypothetical the ALJ proposed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). The Court further believes that the VE's responses to this hypothetical question constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing his past relevant work on the chicken farm as performed, and work as hand bander, poultry cleaner, and small product assembler. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from VE based on properly phrased hypothetical question constitutes substantial evidence).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 10th day of March, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE